UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DWAYNE CLARK,

    Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　Case No. 8:05-cv-1719-T-17MSS

JAMES V. CROSBY, JR.,

    Respondent.

_____

**ORDER**

    The Court denied Clark's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 as time-barred. However, the Court allowed Clark 30 days to provide record evidence to show that this petition was not time-barred. He did not do so. Instead, Clark filed a Notice of Appeal. Pursuant to Edwards v. United States, 114 F.3d 1083 (11th Cir. 1997), the Court construed the Notice of Appeal as a request for a certificate of appealability and denied the request. Now, Clark has filed a document entitled "Certificate of Appealability" which is a motion for certificate of appealability. In the motion, Clark claims that his April 2003 Rule 3.850 post-conviction motion tolled the running of the one-year limitation period for filing a federal petition for writ of habeas corpus. As the Court explained in the order dismissing his petition for writ of habeas corpus, the one-year period for timely filing a federal petition for writ of habeas corpus had expired prior to April 2003. Although Clark contends that the Court erred in finding that the limitations period expired prior to April 2003, he has not alleged that he filed any post-conviction motions that would have tolled the running of the one year period between August 7, 1999, the date his judgment on direct

appeal became final, and April 2003.  The Court provided Clark an opportunity to show that his federal petition was not time-barred, and he has not alleged any facts that would show that the federal petition was timely-filed.

To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of an underlying claim, and (2) the procedural issues he seeks to raise.  See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 475 (2000).[1]  Petitioner has failed to meet this standard.  Therefore, Petitioner has failed to satisfy the Slack test.

Accordingly, the Court orders:

1. That Clark's motion for certificate of appealability (Doc. No. 8) is denied.

2, That Clark's motion to proceed on appeal in forma pauperis (Doc. No. 9) is denied.

ORDERED in Tampa, Florida, on October 18, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Dwayne Clark

---

[1] Miller-El v. Cockrell, 123 S.Ct. 1029 (2003) does not change the Slack standard.  See Ziegler v. Crosby, 345 F.3d 1300, 1303 n.4 (11th Cir. 2003).